UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-81588-MC-Ryskamp/Vitunac

ROBERT ARMIJO, D/B/A
INDEPENDENT CONTRACTORS,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.
_____/

FILED by ___ D.C.
MAY 0 3 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Order of Reference (DE 4) from United States District Judge Kenneth L. Ryskamp "for all pre-trial matters, to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court." Pending before the Court is the Government's Motion to Dismiss the Amended Petition to Quash Summons (DE 24), filed March 19, 2010. Petitioner Armijo responded (DE 25) on March 26, 2010. The Government did not reply, and the time to do so has passed. This matter is ripe for review.

## BACKGROUND

On October 27, 2009, Robert Armijo filed a *pro se* petition asking the Court to quash an Internal Revenue summons issued to Bank of America that seeks documents relating to a business bank account held by Armijo (DE 1). The Government filed a motion to dismiss Armijo's *pro se* petition (DE 8), after which Armijo retained counsel (DE 12 & 15). On March 9, 2010, the Court

1

found that Armijo's *pro se* petition had various defects, denied the Government's motion to dismiss without prejudice, and ordered Armijo to file an amended petition (DE 22).

In his amended petition (DE 23), Armijo asserts that his employee, Yvonne Divine, previously pled guilty to failing to file a 2003 tax return in the United States District Court for the Southern District of California (Id. at 3). After serving the prison portion of her sentence, Divine submitted to an IRS examination and entered a closing agreement with the IRS setting her total agreed tax liability as $214,508.98 (Id., DE 23-1). Later, the IRS issued a summons to Bank of America pertaining to "the matter of Yvonne Divine" and requesting bank records from Armijo's business bank account (DE 23-4). Armijo did not receive a copy of the IRS summons, but he received notice of the summons in a letter from Bank of America (Id.).

Armijo moves to quash the IRS summons under 26 U.S.C. § 7609(b) (DE 23 at 1). The summons should be quashed, Armijo argues, because "he [is] entitled to notice under 26 U.S.C. § 7609, the summons [is] not legitimately related to aid in the collection of an assessment, the summons is an audit/harassment disguised as a collection effort of another party, there has been a prior examination of the records and therefore the preclusion under 26 [U.S.C.] § 7605(b) applies; and the summons is an abuse of process under the factors in U.S. v. Powell, 379 U.S. 48 (1964)." (Id. at 4).

## PARTY CONTENTIONS

### The Government's Motion to Dismiss

The Government moves to dismiss the amended petition on two grounds. First, the Government argues, the Court lacks subject matter jurisdiction because under 26 U.S.C. § 7609, Armijo is not entitled to notice of the IRS collection summons issued to aid in collecting Divine's

unpaid tax liabilities and, thus, he has no cause of action against the United States. Thus, the United States is immune from suit and the Court is without jurisdiction. Second, the Government argues that the IRS summons furthers a legitimate government purpose. The Government submits an affidavit by Revenue Officer Michael Stone of the Small Business/Self-Employed Division of IRS. Officer Stone is investigating the collectability of Divine's unpaid tax liability. To further his investigation, Officer Stone summoned mortgage documents relating to the payment of Divine's personal home mortgage. After discovering that funds from Armijo's business account paid Divine's mortgage for 14 straight months, Officer Stone issued a summons to Bank of America to determine if Armijo's business account is a source of funds for Divine or if she is diverting funds to the account to evade IRS collection efforts.[1] According to the Government, the IRS is not limited to accepting only those explanations and documents provided by Divine or Armijo. To the contrary, the IRS has broad authority to request documents to aid in the collection of Divine's unpaid taxes, including the use of the collection summons process to investigate and verify information.

### Armijo's Response

In his Response, Armijo raises several arguments. First, he asserts that he has already offered to provide the IRS with bank records and agreements pertaining to his company's payment of Divine's mortgage. The IRS declined and instead seeks to improperly examine his entire business by summoning his business bank records. Armijo contends that because the IRS previously examined the source of Divine's mortgage payments and because Divine has cooperated with prior IRS examinations, it is now precluded from examining Armijo's business bank records. Second,

---

[1] Upon learning of Armijo's petition to quash the summons, Officer Stone told Bank of America that he would not use the summoned documents. The documents have been sealed pending the Court's ruling in this matter.

Armijo argues that he sufficiently states facts to support his claims that the summons is not legitimately related to aid in collection, that he is entitled to notice, and that the IRS committed administrative procedural violations such as conducting repetitive record examinations.

Third, Armijo contends, the Government's jurisdictional argument based on the statutory "aid in collection" exception to the notice requirement relies on assumptions that cannot be sustained at this early stage in the case. Such assumptions include that the summons is actually a collection summons, that Armijo is not entitled to notice regardless of Divine's non-interest in the summoned account, that all administrative procedures were followed, and that Powell cannot be invoked. Armijo argues that the Government's construction of the statutory "aid in collection" exception to third-party summonses notice requirements is at odds with congressional intent.

## DISCUSSION

Initially, the Court must determine whether it has jurisdiction over this case. See Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1242 (11th Cir. 2003) (a court must resolve jurisdictional concerns first). The Court begins its analysis with the fundamental principle that a party cannot sue the United States unless Congress, by statute, has expressly waived sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); U.S. v. Potes Ramirez, 260 F.3d 1310, 1315 (11th Cir. 2001). An action to quash an IRS summons is a suit against the United States requiring a waiver of its sovereign immunity. Huffman v. U.S., 2007 WL 4800643, at *2 (S.D. Fla. 2007) (citations omitted). Thus, the Court has jurisdiction to hear Armijo's petition to quash only if sovereign immunity has been expressly waived by statute.

Armijo brings his amended petition under 26 U.S.C. § 7609(b). Under this provision of the

4

Internal Revenue Code, an action to quash a third party summons may be brought in federal district court by "any person who is entitled to notice of a summons under subsection (a)." 26 U.S.C. § 7609(b)(2)(A). Subsection (a) requires that notice of a third party summons be given to any person "who is identified in the summons." 26 U.S.C.§ 7609(a)(1). Notice is not required, however, in the case of any third-party summons "issued in aid of the collection of an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C.§ 7609(c)(2)(D)(i).

The issue of jurisdiction in this case turns on whether the IRS summons issued to Bank of America falls within the "aid in collection" exception to the notice requirement. The majority of courts, both inside and outside of the Eleventh Circuit, broadly interpret the § 7609(c)(2)(D)(i) notice exception to mean that notice is not required if the summons is issued in aid of the collection of any person's tax liability. See Atlantic Ave. D.B. Financial/Legal Support Group v. U.S., 2009 WL 2810449, at *2 (S.D. Fla. 2009); Huffman, 2007 WL 4800643, at *3-4, Barmes v. U.S., 199 F.3d 386, 390 (7th Cir. 1999) (holding that "as long as the third-party summons is issued to aid in the collection of any assessed tax liability the notice exception applies"); Davidson v. U.S., 149 F.3d 1190 at * 1 (10th Cir.1998) (table op.) ("Thus, if a summons is issued in aid of collection, no notice is required, and the district court does not have subject matter jurisdiction over a petition to quash the summons."). These cases recognize that the statute's clear language compels this broad interpretation of the exception. Atlantic Ave., 2009 WL 2810449, at *2. Similarly, several courts hold that a district court lacks jurisdiction to quash an IRS summons issued in aid of the collection of an already assessed tax liability. Huffman, 2007 WL 4800643, at *3 (collecting cases).

Armijo urges the Court to follow the minority view which endorses a narrower interpretation

5

of the notice exception. See, e.g., Robertson v. U.S., 843 F. Supp. 705 (S.D. Fla. 1993); Ip v. U.S., 205 F.3d 1168 (9th Cir. 2000). This minority view holds that the notice exception applies only if the assessed taxpayer "has a recognizable interest in the records summoned." Ip, 205 F.3d at 1176 (citing Robertson, 843 F. Supp. at 706). These courts, and Armijo, reason that the majority view's interpretation of "aid in collection" is too broad and contrary to congressional intent.

Here, it is undisputed that Divine owes the United States over $200,000 in unpaid federal income taxes (DE 23 at 3, DE 23-1, DE 24 at 2). It is also undisputed that assessed taxpayer Divine is employed by Armijo, and that Armijo's business bank account was the source of Divine's home mortgage payments for several months (DE 23 at 2, n.1, DE 24-1). By affidavit, an IRS revenue officer attests that the summons served on Bank of America was issued to aid in the collection of the federal tax liability assessed against Divine (DE 24-1). The IRS summons itself, which is attached to the affidavit, was served in October 2009 (Id.). The affidavit identifies the underlying inquiry as "the matter of Yvonne Divine" and directs Bank of America to produce copies of bank signature cards and bank statements for the "SHD Account" – Armijo's business checking account – for a nine-month period in 2009 (Id.). The summons explains that it pertains to the collection of Divine's tax liability, or to inquire into any offense by Divine connected to the administration or enforcement of internal revenue laws (Id.).

Armijo does not contest that the summons was issued as part of an IRS investigation into the collection of Divine's outstanding tax liability, arguing that "even if the summons were hypothetically aiding in collection, Plaintiff was still entitled to notice" (DE 25 at 6). Armijo posits that the IRS has "gone beyond all bounds of aiding in collection of Yvonne Divine's assessment and is now abusing the process" by indiscriminately auditing Armijo's business banking records –

including records unrelated to Divine – under the overly broad guise of "aiding in collection." (DE 23 at 6). Armijo's argument relies on the minority view discussed above, which narrowly interprets the "aid in collection" notice exception. This view, however, ignores the statute's plain text and adopts an overly narrow interpretation of the statute, which look to legislative history for jurisdiction. Moreover, the cases cited by Armijo that adopt the minority view are notably different from the instant case. In those cases, there is no evidence of any legal or business relationship between the petitioning party and the assessed taxpayer. See Ip, 205 F.3d at 1176 (finding that bank account owner had no fiduciary or transferee relationship with assessed taxpayer, and she was thus entitled to notice of IRS summons); Robertson, 843 F. Supp. at 705 (noting bank account owner's affidavit stating that she had no legal or business relationship with the assessed taxpayers, nor did the assessed taxpayers hold any legal or equitable interest in the accounts or property sought in the IRS summons). Here, in contrast, bank account owner Armijo admits to being the employer of assessed taxpayer Divine. He further admits that his business paid her home mortgage payments for several months. Thus, unlike in Ip and Robertson, there is evidence of a legal or business relationship between Armijo and Divine.

The Court follows the majority of courts that broadly interpret the § 7609(c)(2)(D)(i) notice exception and concludes that the IRS summons to Bank of America was issued in aid of the collection of Divine's tax liability and the IRS was not required to provide Armijo with notice of the summons. Since Armijo is not entitled to notice of the IRS summons, Armijo has no right to petition the district court to quash the IRS summons under 26 U.S.C. § 7609(b), and the Court must therefore dismiss for lack of jurisdiction. Because the Court has determined that it lacks jurisdiction over this action to quash an IRS summons, none of Armijo's other arguments are properly before the Court.

## RECOMMENDATION TO THE DISTRICT COURT

Based on the foregoing, this Court respectfully RECOMMENDS that the District Court GRANT the Government's Motion to Dismiss the Amended Petition to Quash Summons (DE 24) and DISMISS Armijo's Amended Motion to Quash (DE 23) for lack of jurisdiction.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth L. Ryskamp, within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See U.S. v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 3 day of May, 2010.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
The Honorable Kenneth L. Ryskamp
All counsel of record